U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 19 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DANNY JEFFERSON | CIVIL ACTION NO. 09-0049 |
| VERSUS | JUDGE ROBERT G. JAMES |
| STATE OF LOUISIANA, ET AL. | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Set Aside Entry of Default [Doc. No. 18] filed by Defendants the Louisiana Department of Public Safety and Corrections, Danny Fuller, and David W. Cagnolatti (collectively referred to as "Defendants"). Also pending before the Court are Plaintiff Danny Jefferson's ("Jefferson") Motion for Default Judgment [Doc. No. 22] against Defendants and motion to strike [Doc. No. 24].

**I.      FACTUAL AND PROCEDURAL HISTORY**

Jefferson filed suit against Defendants on January 12, 2009. [Doc. No. 1].

Defendants failed to answer within the prescribed time periods, and the Clerk of Court entered a Notice of Entry of Default on February 27, 2009. [Doc. No. 15].

On March 6, 2009, Defendants filed a proposed answer [Doc. No. 17] and Motion to Set Aside the Entry of Default [Doc. No. 18].

On March 9, 2009, the Motion was marked deficient because Defendants did not attach a proposed order. [Doc. No. 19].

On March 10, 2009, Jefferson filed a Motion for Default Judgment. [Doc. No. 22].

On March 11, 2009, Defendants cured the aforementioned deficiency by filing a proposed order. [Doc. No. 21].

On March 12, 2009, Jefferson filed a motion to strike. [Doc. No. 24].

On March 13, 2009, Jefferson filed a memorandum in opposition to the Motion to Set Aside Entry of Default. [Doc. No. 25].

## II. LAW AND ANALYSIS

### A. Motion to Strike

In the motion to strike, it is unclear whether Jefferson seeks to strike the Motion to Set Aside Entry of Default and/or the proposed order. Regardless of which document Jefferson seeks to strike, the motion is without merit.

Jefferson argues that either or both of these documents should be stricken because they were not filed within ten days of the Clerk's entry of default. The Clerk's Notice of Entry of Default was issued on February 27, 2009, and states that for a default judgment to issue, the plaintiff must file a motion and that, at the time the motion is filed, at least ten days must have elapsed from the date of the Notice. *See* LR. 55.1M&W(C). The Motion to Set Aside Entry of Default was filed on March 6, 2009. However, the Motion to Set Aside Entry of Default was deemed deficient, and Defendants did not file a corrective document until March 11, 2009.

Jefferson misconstrues the effect of the Clerk's Notice. The Clerk's Notice sets forth a minimum period of notice that must be provided to the defaulting party before a default judgment can be entered. It is not a deadline by which Defendants must move to set aside the default.

IT IS HEREBY ORDERED that the motion to strike [Doc. No. 24] is DENIED.

### B. Motion to Set Aside Entry of Default

Defendants move to set aside the default because they contend that their failure to timely file an answer was inadvertent. Defendants explain that their counsel was recently assigned to work on

2

this case and was not immediately aware that responsive pleadings were due or that a default had been entered. Defendants argue that once counsel realized that Defendants were in default, she promptly filed a proposed answer and moved to set aside the default. In addition, Defendants contend that Jefferson will not be prejudiced if the default is set aside, that Jefferson's claims fail to rise to the level of a constitutional violation, and that the Court lacks jurisdiction to hear Jefferson's claims.

Jefferson opposes setting aside the default and relies on his argument that Defendants failed to file a timely and non-deficient motion to set aside the default. Jefferson also argues that he is entitled to a default judgment because he was procedurally entitled to file a motion to confirm the default and did so in a timely manner.

Jefferson is mistaken. Default judgments are extremely disfavored and may be set aside, as explained below, even if the non-defaulting party moves to confirm the default.

Under Rules 55(c) and 60(b), a district court may set aside an entry of default for good cause. *See* FED. R. CIV. P. 55(c), 60(b). In determining whether good cause exists to set aside a default judgment, the Court must examine the following factors: (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359, 369 (5th Cir. 2008). "Courts may also consider whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *Jenkens & Gilchrist a Prof'l Corp. v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008).

The Court finds that Defendants have offered good cause for setting aside the default. Their default was not willful and setting it aside will not prejudice Jefferson. In addition, Defendants have

presented a meritorious defense to Jefferson's civil rights claims. Finally, Defendants took quick action to cure the default.

IT IS FURTHER ORDERED that the Motion to Set Aside Entry of Default [Doc. No. 18] is GRANTED, and the Notice of Entry of Default [Doc. No. 15] is SET ASIDE.

### C.  Motion for Default Judgment

Because the Court has set aside the Notice of Entry of Default, IT IS FURTHER ORDERED that the Motion for Default Judgment [Doc. No. 22] is DENIED AS MOOT.

MONROE, LOUISIANA, this 18 day of March, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE