IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DANNY JEFFERSON** | * | **CIVIL ACTION NO. 09-00049** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS ET AL.** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion for summary judgment filed by defendants, Louisiana Department of Public Safety & Corrections, Danny Fuller, and David Cagnolatti. Doc. # 72. For reasons stated below, it is recommended that the motion be GRANTED.

BACKGROUND

Pro se plaintiff Danny R. Jefferson ("Jefferson"), proceeding *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. §1983 on January 12, 2009. Doc. # 1. Jefferson essentially contends that at his parole revocation hearing on January 15, 2008, defendants Danny Fuller ("Fuller"), a state probation and parole officer in Tallulah, La., and David Cagnolatti ("Cagnolatti"), the District Administrator for the Division of Probation & Parole for the Tallulah District, intentionally deprived him of his right to an attorney to which he was entitled under LA. REV. STAT. ANN. § 15:574.9. *Id.* at 3-4, 8-9.

Plaintiff specifically alleges that he provided Cagnolatti a bill of particulars at his parole revocation hearing that explicitly requested appointed counsel, and that he told Cagnolatti prior to the hearing that he wished to proceed with appointed counsel. *Id.* at 8-9. However, Fuller had allegedly already provided Cagnolatti with a false bill of particulars that purported to be from

plaintiff which explicitly did not request appointed counsel at the hearing. *Id.* at 9. Cagnolatti ignored plaintiff's requests and conducted the hearing in the absence of appointed counsel. *Id.* As a result, Jefferson alleges, he was wrongfully imprisoned for a total of approximately eleven months. *Id.* at 8. Jefferson seeks monetary damages under 42 U.S.C. § 1983 for this alleged violation of his due process rights. *Id.* at 10-11. Jefferson also alleges that Fuller and Cagnolatti's actions amounted to monetary instrument abuse under LA. REV. STAT. ANN. § 14:72.2.

In their memorandum in support of their motion for summary judgment, defendants raise the following grounds for relief: plaintiff failed to state a federal cause of action against a state official in his official capacity; plaintiff failed to exhaust his state remedies; plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); plaintiff's claim is not cognizable under § 1983; defendants Fuller and Cagnolatti are entitled to immunity from monetary damages in their individual capacities; plaintiff has failed to demonstrate that his federal rights were violated; and plaintiff has failed to make factual allegations that would give rise to punitive damages. Doc. # 72, Ex. 9. The matter is now before the court.

## LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder

could render a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden in summary judgment and must demonstrate that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. "Appropriate summary judgment evidence consists of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 424 (5th Cir. 1990). Generally, once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. National Wildfire Federation*, 497 U.S. 871, 884 (1990). Where no such showing is made, the moving party is entitled to summary judgment because the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Id.*

**B. Plaintiff's § 1983 Claim**

In support of their motion for summary judgment, defendants argue, *inter alia*, that Jefferson's § 1983 claim is barred on the basis of the principle set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and subsequently clarified in *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Heck*, the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

>authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. In *Edwards*, the Supreme Court stated that the principle set forth in *Heck* applies to inmates, like Jefferson, who assert that they were denied procedural due process in a proceeding that resulted in conviction or imprisonment. *Edwards*, 520 U.S. at 645-46.

Jefferson seeks damages for an alleged violation of his procedural due process rights which, if proven, would "necessarily imply the invalidity of his . . . sentence." *See Heck*, 512 U.S. at 487. Louisiana law dictates that Jefferson had a right to counsel at his parole revocation hearing. LA. REV. STAT. ANN. § 15:574.9. The state's intentional deprivation of this right would clearly amount to a violation of Jefferson's procedural due process rights and thus invalidate the result of his parole revocation hearing. *See Leach v. La. Parole Bd.*, 991 So. 2d 1120, 1124 (La. Ct. App. 2008).

In response to defendants' motion for summary judgment, Jefferson has pointed to no evidence which would indicate that his sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck*, 512 U.S. at 487. Accordingly, Jefferson's § 1983 claim is barred by *Heck*.[1]

---

[1] Jefferson does not contend that *Heck* does not apply to his case because he apparently lacks a procedural vehicle to attack his allegedly unlawful imprisonment, as he is no longer in custody. However, even if Jefferson were to raise this argument, it would be unavailing. In *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), the Fifth Circuit refused to carve an exception to *Heck* for a § 1983 plaintiff in similar circumstances to Jefferson, noting that the

Furthermore, in light of this court's disposition of Jefferson's § 1983 claim on the basis of *Heck*, the undersigned recommends that this court decline to reach the other arguments raised by defendants as to why summary judgment on Jefferson's § 1983 claim is warranted.

**C. Plaintiff's State Law Claim**

Jefferson also alleges that Fuller and Cagnolatti's actions amounted to monetary instrument abuse under LA. REV. STAT. ANN. § 14:72.2.[2] *Id.* at 2. However, the factual allegations in Jefferson's complaint clearly do not support this claim. The false bill of particulars upon which Fuller and Cagnolatti allegedly relied at Jefferson's parole revocation hearing clearly does not qualify as a monetary instrument under LA. REV. STAT. ANN. § 14:72.2(C)(3).[3]

## CONCLUSION

For the above assigned reasons,

It is recommended that defendants' motion for summary judgment (doc. # 72) be **GRANTED**, **DISMISSING WITH PREJUDICE** plaintiff's state law claim, and

---

Supreme Court had yet to create such an exception. *See also Wilson v. City of Ponchatoula*, 353 F. Supp. 2d 745, 746-47 (E.D. La. 2004).

[2] This statute provides, "Whoever makes, issues, possesses, sells or otherwise transfers a counterfeit or forged monetary instrument of a state or a political subdivision thereof or of an organization, with intent to deceive another person, shall be fined not more than one million dollars but not less than five thousand dollars and imprisoned, with or without hard labor, for not more than ten years but not less than six months, or both." LA. REV. STAT. ANN. § 14:72.2(A).

[3] The statute defines a "monetary instrument" as "a note, stock certificate, treasury stock certificate, bond, treasury bond, debenture, certificate of deposit, interest coupon, warrant, debit instrument, access device or means of electronic fund transfer, money order, bank check, teller's check, cashier's check, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, certificate of interest in or participation in any profit-sharing agreement, collateral-trust certificate, pre-organization certificate of subscription, transferable share, investment contract, voting trust certificate, or certificate of interest in tangible or intangible property." LA. REV. STAT. ANN. § 14:72.2(C)(3).

**DISMISSING WITH PREJUDICE** plaintiff's § 1983 claim, until such time as plaintiff can demonstrate that the result of his parole revocation hearing has been reversed, expunged, called into question, or otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 10th day of May, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE